IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALLEN WAYNE HENDERSON**, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:09-CV-1250-L** |
| § | |
| **RICK THALER,** Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Allen Wayne Henderson's Petition for a Writ of Habeas Corpus by a Person in State Custody ("Federal Habeas Petition"), filed July 1, 2009. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on June 1, 2012. On June 15, 2012, the court granted Petitioner's Motion to Extend Time to Submit Objections and extended the deadline for Petitioner Allen Wayne Henderson ("Petitioner" or "Henderson") to file objections to the Report from June 14, 2012, to June 28, 2012. Petitioner filed objections to the Report on June 28, 2012. The court reviewed *de novo* those portions of the Report to which objection was made and reviewed the remaining portions of the Report for plain error.

In his Federal Habeas Petition, Henderson challenged his state court conviction for sexual assault on four grounds. Petitioner alleged: (1) the evidence was insufficient to support the conviction; (2) the state was biased and relied on perjured testimony; (3) the state failed to disclose evidence favorable to the defense; and (4) he received ineffective assistance of counsel. Petitioner

asserted four bases for his ineffective assistance of counsel allegation, particularly that counsel: (a) failed to present pertinent evidence and conduct an adequate investigation; (b) failed to consult with Petitioner; (c) failed to object to surprise witnesses; (d) failed to sufficiently cross-examine the state's witnesses; and (e) failed to understand that Petitioner was not eligible for probation. Petitioner objects to the Report solely on ground (4)(e)—defense counsel failed to understand that Petitioner was not eligible for probation.

With respect to ground (4)(e), Petitioner asserts in his objections that "[d]efense counsel advised [] him to waive a jury trial because defense counsel believed a jury could not sentence Petitioner to probation, but a judge could. Relying on this advice, [] Henderson rejected the prosecution[']s offer of probation and proceeded to trial." Objections 1. Henderson further explains that he "went to trial rather than accept a guaranteed plea of probation because his attorney incorrectly advised him that he was still eligible of probation even if he [was] found guilty by the state judge." Objections 6.

Petitioner's objections appear to conflate two separate claims: (1) that his counsel advised him to waive a jury trial based on counsel's erroneous understanding of the availability of probation, and (2) that Petitioner rejected a plea offer of probation based on counsel's erroneous understanding of the availability of probation. The court addresses each claim in turn.

Petitioner does not expound upon claim (1) in his objections. The Report, however, fully disposes of this issue. The Report explains that defense counsel mistakenly believed Petitioner was probation-eligible. Report 11. Petitioner, however, was ineligible for probation because of his prior felony convictions. *Id.* Due to seven enhancement paragraphs, Petitioner's punishment range was twenty-five to ninety years imprisonment. Tex. Penal Code Ann. § 12.42(d) (West 2005). Under Texas law, neither a judge nor a jury can sentence a defendant to probation if a prison term of more

**Memorandum Opinion and Order –Page 2**

than ten years is assessed. Tex. Code. Crim. Proc. Ann. Art. 42.12 §§ 3(e)(1), 4(d)(1) (West 2005). To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (U.S. 1984). The Report acknowledges that defense counsel may have been deficient but states that Petitioner failed to show that he suffered the required prejudice. Report 11. As the Report explains, even assuming that defense counsel was deficient, Petitioner was ineligible for probation by either a judge or a jury. Accordingly, if Petitioner had not waived a jury trial, he still could not have been sentenced to probation. Petitioner has thus failed to show that there is a reasonable probability that but for his attorney's advice to waive a jury trial and be tried by a judge, the result of the trial would have been different. To the extent that Petitioner urges claim (1) as an objection, the court overrules it.

Regarding claim (2), Henderson states in his objections that defense counsel's advice caused him to proceed to trial, rather than accept a plea offer. The Report states that Petitioner did not raise this claim in his Federal Habeas Petition or in the state court, and Petitioner's claim is therefore unexhausted and procedurally barred. In his Federal Habeas Petition, Henderson asserts:

> After initial probation offer was rejected by defendant, Counsel informed defendant [that] by "waiving a jury" Counsel could get this in front of the Judge the following day. Attorney would file a "motion to reserve" probation if "Just by chance" defendant was found guilty. The waiving of a Jury, and the filing of this "motion," defendant was not even eligible for because of enhancements (counsel or defendant) did not know these were enhancements, showed Ineffective assistance of Counsel, and severely prejudiced defendant[']s right to a fair trial.

Federal Habeas Petition, "Ground Four" at 2 (Doc. 1 at 17). Petitioner makes a similar statement in his State Habeas Petition:

> After initial probation offer was rejected by defendant, Counsel informed defendant [that] by "waiving a jury" Counsel could get this in front of the Judge the following

**Memorandum Opinion and Order –Page 3**

> day. Attorney would file a "motion" to "reserve" probation if "Just by chance" defendant was found guilty. The waiving of jury, and the filing of this "motion" defendant was not even eligible for because of enhancements (Counsel or defendant did not know these were enhancements) showed Ineffective assistance of Counsel, and severely prejudiced defendant[']s right to a fair trial.

State Habeas Petition, "Ground Four" at 1. Petitioner makes clear in his federal and state habeas petitions that defense counsel's advice occurred after the initial probation offer was rejected by Petitioner. Petitioner also makes clear that such advice caused him to waive a jury trial; Henderson does not assert that defense counsel's advice caused him to reject a plea offer of probation. Petitioner's claim that he rejected a plea offer of probation based on defense counsel's erroneous understanding of the availability of probation was not raised until Petitioner filed supplemental briefing with the court on April 10, 2012. A federal court may not grant habeas relief unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Petitioner failed to raise this claim in state court.

A petitioner overcomes the procedural bar on nonexhaustion only if he demonstrates either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Woodfox*, 609 F.3d at 793 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The "miscarriage of justice" exception applies when a petitioner is "actually innocent" of the substantive offense for which he was convicted, or "actually innocent" of the death penalty. *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (citing *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995)); *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)). Petitioner has not shown cause for his failure to present his claim to the

**Memorandum Opinion and Order –Page 4**

Texas Court of Criminal Appeals and has not demonstrated that he is actually innocent. To the extent that Petitioner urges claim (2) as an objection, the court overrules it.

After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court. The court therefore **denies with prejudice** Allen Wayne Henderson's Petition for a Writ of Habeas Corpus by a Person in State Custody for failure to make a substantial showing of the denial of a federal right.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 23rd day of July, 2012.

Sam A. Lindsay
United States District Judge